IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE M. TOBIAS, | : | |
| | : | Case No. 2:14-cv-1751 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

### ORDER

Before the Court is Plaintiff Lawrence M. Tobias's unopposed Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (Doc. 24). For the reasons that follow, the Court **GRANTS** the motion.

### I. Brief Background

Plaintiff initially filed his complaint in this Court on October 1, 2014. (Doc. 3.) Plaintiff filed his Statement of Specific Errors (Doc. 12) to the Social Security Administration's ("SS") First Certified Administrative Record (Doc. 9) on January 26, 2015. (Doc. 12.) In that statement of errors, Plaintiff alleged that the decision of the Administrative Law Judge ("ALJ") in Plaintiff's social security case was erroneous for two reasons: (1) because the decision violated the treating source rule by not giving sufficient weight to Plaintiff's treating physicians vis-à-vis non-treating physicians; and (2) because the appeals council failed to consider new, material evidence that related back to the period prior to the ALJ's decision. (Doc. 12 at 7-16.) Defendant argued that the ALJ did not afford controlling weight to Plaintiff's treating physicians but, because the ALJ offered sufficiently specific and supported reasons why not, Plaintiff's first

1

argument did not prevail. (Magistrate Judge Report and Recommendation, Doc. 21 at 8; Soc. Sec.'s Opp'n to Pl.'s Statement of Errors, Doc. 19 at 4-9.) As to Plaintiff's second argument, Defendant contended that the evidence at issue was not material. (Doc. 19 at 10.)

On November 19, 2015, the Magistrate Judge issued a Report and Recommendation (Doc. 21) recommending the Court sustain Plaintiff's Statement of Specific Errors and remand the case to Defendant pursuant to 42 U.S.C. § 405(g), sentence four. (Doc. 21 at 12.) The Magistrate Judge recommended sustaining Plaintiff's Statement of Specific Errors as to Plaintiff's first argument because the court found that the ALJ did not afford proper weight to Plaintiff's treating physicians and because the ALJ's reason for not doing so was not sufficiently specific or well supported but, because remand under sentence four of 42 U.S.C. § 405(g) necessarily affords the ALJ the opportunity to consider new, material evidence, the Magistrate Judge declined to analyze Plaintiff's second argument because it was moot. (*Id.*)

On January 14, 2016, this Court adopted the Magistrate Judge's Report and Recommendation, remanding the matter to Defendant for further proceedings. (Doc. 22.)

Plaintiff filed his motion for fees on February 12, 2016. (Doc. 24.) Plaintiff requests fees amounting to $6,023.00 to be paid to Plaintiff's attorneys, calculated at the rate of $190.00 per hour (which includes cost of living increases according to the consumer price index ("CPI")), for thirty-one and seven-tenths (31.70) hours of work in the United States District Court. Plaintiff avers that his counsel is entitled to attorney fees under EAJA because he is the prevailing party in this action, because he is an individual whose net worth did not exceed $2 million at the commencement of the action, because the position of both the United States and the Social Security Agency in this litigation was not substantially justified, and because there are no special circumstances rendering an award of fees and costs under EAJA unjust.

2

Plaintiff has attached to his motion supporting documentation, namely: an affidavit of Plaintiff (Doc. 24-1); an affidavit of Plaintiff's counsel, Jason M. Mauch (Doc. 24-2); timesheets of the legal work done in the matter (Doc. 24-3); a table of the CPI from 1996-2015 (Doc. 24-4); an affidavit of attorney Gary J. Pandora attesting to the customary attorney billing rates for social security cases in district courts in Ohio (Doc. 24-5); and a table of customary attorney billing rates in Ohio from its State Bar Association (The Economics of Law Practice in Ohio in 2013: A Desktop Reference (2013)). (Doc. 24-6).

## II. Standard of Review

28 U.S.C. §§ 2412(d)(1)(A) provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(B) provides that:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(D) provides that "[t]he court, in its discretion, may reduce the amount to be awarded, . . . or deny an award, to the extent that the prevailing party . . . engaged in conduct"

during the proceedings that "unduly and unreasonably protracted the final resolution of the matter."

As to 28 U.S.C. § 2412(d)(1)(B), Plaintiff filed his motion within 30 days of final judgment in the action (*see* Docs. 22 and 24), Plaintiff's application showed that he was the prevailing party and is eligible to receive an award under this statute (Doc. 24 at 1), Plaintiff supplied the Court an itemized statement stating the actual time counsel expended and the rate at which counsel's fees were calculated attached to his motion from counsel requesting the award (Doc. 24-2), and Plaintiff alleged that the position of the United States was not substantially justified (Doc. 24 at 2).

The Court agrees that the position of the United States was not substantially justified. The United States' position was that the ALJ did not err in its refusal to give Plaintiff's treating physicians more weight. (Doc. 19 at 4-9.) The ALJ, however, did so err, as evinced by the Magistrate Judge's Report and Recommendation (Doc. 21) later adopted by this Court remanding the matter to Defendant. (Doc. 22.) Given the vague, conclusory, and insufficient support for its decision not to afford more weight to Plaintiff's treating physicians vis-à-vis non-treating physicians, the ALJ's decision was erroneous, and the United States' position ratifying the ALJ's error was therefore unreasonable. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (The United States' position is substantially justified only if it has a "reasonable basis both in law and fact" enough to "satisfy a reasonable person.").

The Court finds that the record has no evidence that counsel for Plaintiff engaged in unduly or unreasonably dilatory conduct affecting efficient resolution of the matter. Based on the affidavit of attorney Gary J. Pandora attesting to the customary attorney billing rates for social security cases in district courts in Ohio, (Doc. 24-5), and the Ohio State Bar publication's table

of customary rates (Doc. 24-6), the Court finds that counsel's rate of $190 is reasonable. *See*

*Ousley v. Gen. Motors Ret. Program for Salaried Emps.*, 496 F. Supp. 845, 850 (S.D. Ohio

2006) (affidavit and other publications may be used to establish an hourly rate). The Court

further finds that the itemized timesheet submitted by counsel for Plaintiff, (Doc. 24-3), passes

muster under 28 U.S.C. § 2412(d)(1)(B). The Court also finds no evidence of special

circumstances in the record, or any argument claiming as much, that would render an award of

the fees requested in this matter unjust.

## CONCLUSION

Plaintiff's unopposed motion fulfills all applicable EAJA requirements. *See* 28 U.S.C. §§

2412(d)(1)(A-D). As such, the Court **GRANTS** the motion pursuant to the statute, awarding

$6,023.00 in attorney fees to be paid to Plaintiff's counsel by the government.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: April 28, 2016**